## Frederick v. Krombach, et al.

(Decided May 23, 1916.)

Appeal from Kenton Circuit Court
(Common Law any Equity Division).

Principal and Agent.—An agent who is authorized to buy property for his principal cannot purchase the property in his own name and sell it to the principal at a greater price than he paid for it.

C. B. SHIMER for appellant.

BYRNE & READ for appellees.

Opinion of the Court by Judge Carroll—Affirming.

The appellant, Frederick, brought this suit against the appellees, Edward and William Krombach, on twelve notes of one hundred dollars each, dated September 16, 1914, executed to him by the Krombachs and secured by a lien on real property.

The Krombachs for defense pleaded that the notes were obtained by fraud and without consideration. The answer further set up that Frederick, acting as their agent and attorney in the purchase of some property from one DeArmond, falsely and fraudulently represented to them that the least sum for which he could secure the property was $2,200.00, and some additional considerations not necessary to mention. That relying on these representations they paid him one thousand dollars in cash and executed to him twelve notes sued on. They further averred that Frederick in the sale of this property was acting as DeArmond's agent or broker and that he represented to DeArmond that the best bid he could get on the property was one thousand dollars, which sum DeArmond agreed to and did take for the property. That by reason of his false and fraudulent representations made to them while occupying towards them the relation of agent or attorney, the notes for twelve hundred dollars were executed without consideration and obtained by fraud.

Frederick in a reply put in issue the affirmative matter in the answer by traversing all of the material allegations. He further set up that the Krombachs, after they had discovered what they claimed to be a fraud, agreed to pay the notes, and were therefore estopped to question their validity.

After the case was prepared for trial it was submitted for hearing, and the judge of the circuit court found facts to be as stated by the Krombachs and entered a judgment annulling the notes and cancelling the lien by which they were secured. He further gave judgment in favor of the Krombachs for $50.00 which had been paid by them on one of the notes.

On this appeal by Frederick, he asks a reversal on the ground that the judgment of the chancellor was not supported by the facts. There is no question of law involved. The case turns wholly on the facts, and after reading and carefully considering the evidence we agree with the chancellor that the notes sued on were with-

out consideration, and we further think the weight of the evidence shows they were procured by fraud.

The Krombachs testify very positively that Frederick was acting as their agent in the purchase of this property and represented to them that the very least it could be bought for was $2,200.00. DeArmond, who had also engaged Frederick to sell the property, testifies that although he had fixed a much greater price than one thousand dollars, Frederick, in the course of several interviews, informed him that one thousand dollars was all that he could sell the property for and that he believed that this was the best price that Frederick could get for it and consented that he might sell it at this price.

Frederick, of course, denies all this and claims that his purchase of the property from DeArmond was made in his individual capacity and not as the agent of or attorney for the Krombachs. That having purchased the property for himself, as he had a right to do, he had also a right to sell it to the Krombachs for any price they were willing to pay, which of course could not be disputed if it were true that in purchasing the property he was acting for himself and not for the Krombachs.

DeArmond further testifies that Frederick told him he was buying the property for some other parties and explained to him why he wanted the deed made to himself.

Aside from the evidence of Frederick, there are some circumstances tending to support his version of the affair, but the weight of the evidence supports the contention of the Krombachs, and we think the judgment should be affirmed and it is so ordered.